IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KODJOVI MARSHALL HADEN, | ) | |
| ID # 33457-177, | ) | |
|     Movant, | ) | |
| vs. | ) | No. 3:09-CV-0258-P |
| | ) | No. 3:05-CR-0109-P (01) |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

The Court has under consideration a "Motion to Vacate, Set Aside, or Correct Sentence" brought by movant pursuant to 28 U.S.C. § 2255, and a subsequently filed "Motion for Judgment on the Pleading [sic]". The respondent is the United States of America ("the government").

I. BACKGROUND

In May 2005, the government charged movant and others with various offenses. (*See* Indictment, doc. 12.)[1] In July 2005, movant sought to dismiss and replace counsel. (*See* Mot. Dismiss & Replace Counsel, doc. 57.) Approximately a month later, the government charged movant and others in a twenty-one count superseding indictment. (*See* Indictment, doc. 65.) In September 2005, movant asked to proceed *pro se* and for dismissal of the indictment. (*See* Pet. to Dismiss Counsel and Indictment, doc. 73.)

After an October 5, 2005 hearing, the Court declined to dismiss the indictment but permitted movant to represent himself in the federal criminal action. (*See* Tr. H'rg Mot. Dismiss Indictment and Withdrawal of Counsel (hereinafter "Tr. Withdrawal Counsel").) The Court extensively questioned movant about his desire to proceed without counsel and his understanding of the case and consequences of his decision. (*See id.* at 17-44.) The Court explained that movant would be

---

[1] All document numbers refer to the docket entry in the underlying criminal action unless otherwise noted.

better off with attorney representation because of movant's lack of legal training and understanding. (*Id.* at 35.) Movant stated that his waiver of counsel was not due to any threat or promise. (*Id.* at 35-36.) He stated that the decision was of his own free will, and he declined appointment of standby counsel. (*Id.* at 36.) Based upon movant's answers at the hearing, the Court granted him permission to represent himself. (*Id.* at 38-39.) Later that month, movant again declined to accept standby counsel. (*See* Tr. H'rg Mot. Appoint Standby Counsel at 3-6.)

In November 2005, the government charged movant and others in a twelve-count second superseding indictment. (Superseding Indictment, doc. 104.) After a three-day trial, a jury found movant guilty of all charges on December 14, 2005. (*See* Jury Verdict Form, doc. 121.) The Court thereafter sentenced him to 132 months imprisonment. (*See* Judgment, doc. 151.) His appeal was dismissed as frivolous. *See United States v. Haden*, 260 Fed. App'x 661, 663 (5th Cir. 2007) (per curiam), *cert. denied*, 128 S. Ct. 2070 (2008).

In February 2009, movant filed his motion pursuant to 28 U.S.C. § 2255 wherein he claims that (1) his procedural due process rights were violated when the Court failed to *sua sponte* hold a competency hearing to determine whether he voluntarily, knowingly, and intelligently waived his right to counsel and (2) he received ineffective assistance of counsel when his attorney failed to investigate, present alibi witnesses, and impeach government witness at a probable cause hearing. (Mot. Vacate at 2-4; Mem. Supp. at 3-14.) The government argues that Claim 1 is procedurally barred, and that both claims lack merit. (Resp. Opp'n at 2-8.) Movant thereafter filed a reply brief and moved for judgment on the pleadings. (Petr.'s Reply at 1-9; Mot. J. Pleadings.)

## II.  PROCEDURAL BAR

Respondent argues that Claim 1 is procedurally barred from federal habeas review. Because it appears that movant is entitled to no relief on the alleged procedurally barred claim, the Court

bypasses this procedural issue and proceeds to the merits of the claim. *Cf. Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (recognizing in § 2254 context that circumstances may warrant bypassing a question of procedural default when the allegedly barred claim is more easily resolved "by looking past any procedural default"). In this case, Claim 1 and the ultimate applicability of the procedural default doctrine depend on whether movant was mentally competent.

### III. COMPETENCY AND VOLUNTARINESS OF WAIVER

In his first claim, movant asserts that the Court violated his procedural due process rights by failing to *sua sponte* hold a competency hearing to determine whether he voluntarily waived his right to counsel. (Mot. Vacate at 2-3; Mem. Supp. at 3-11.) He also argues that the Court should have considered whether the was competent to represent himself. (Mem. Supp. at 4.)

"A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently'." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citations omitted). A defendant is competent to stand trial when he or she has "sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). The same standard applies when determining whether a defendant is competent to plead guilty or waive his right to counsel. *Godinez*, 509 U.S. at 396-98; *Indiana v. Edwards*, 128 S. Ct. 2379, 2384-85 (2008).[2] "The focus of a compe

---

[2] Although *Edwards* and *Godinez* specifically dealt with state court proceedings, they are equally applicable in the federal criminal context "[b]ecause both state and federal courts are bound to uphold the right to a fair trial." *United States v. Berry*, 565 F.3d 385, 392 (7th Cir. 2009). Furthermore, while one court appears to interpret *Edwards* as establishing different levels of competency necessary to waive the right to counsel depending on whether the defendant waives counsel so that he may plead guilty rather than to proceed to trial, *see United States v. DeShazer*, 554 F.3d 1281, 1289-90 (10th Cir. 2009), *Edwards* seems to keep the same competency standard for standing trial, waiving the right to counsel in all circumstances, and pleading guilty, *see* 128 S. Ct. at 2384-85 (stressing that (1) *Godinez* rejected a different level of competence to plead guilty or to waive the right to counsel and (2) the competence to represent self was irrelevant to whether one is competent to waive the right to counsel). The heightened competency standard for self-representation

3

tency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings."[3] *Godinez*, 509 U.S. at 401 n.12. Furthermore, "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Id.* at 402 n.13.

## A. Competency Hearing

The Due Process Clause of the Fourteenth Amendment provides a procedural right to a competency hearing in state prosecutions. *See Pate v. Robinson*, 383 U.S. 375, 384-85 (1966). In federal criminal actions, 18 U.S.C. § 4241(a) protects a defendant's procedural due process rights. *See United States v. Cornejo-Sandoval*, 564 F.3d 1225, 1233 (10th Cir. 2009). Because there is "no need to distinguish between the procedural protections identified in *Pate* and § 4241," *see id.* at 1233-34, the Court looks to § 4241 to determine whether a competency hearing was warranted in this case.

Under § 4241(a), the federal courts must *sua sponte* order a competency hearing of a criminal defendant, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The courts consider three factors in determining whether to order such a hearing: "(1) the existence of a history of irrational behavior, (2) the defendant's demeanor at trial, and (3) prior medical opinion on competency." *United States v. Ruston*, 565 F.3d 892, 902 (5th Cir. 2009). While all three factors are relevant to the determination, one standing alone may be sufficient to require

---

at trial does not appear to alter the competency standard for other matters. It comes into play only as a case proceeds to trial after the defendant has been found competent to stand trial and to waive his right to counsel. A defendant can be competent for those purposes but be mentally incompetent to represent himself at trial.

[3] "The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez*, 509 U.S. at 401 n.12.

4

a hearing. *Id.* Of course, "no fixed or immutable signs . . . invariably indicate the need for further inquiry to determine fitness to proceed." *Id.* (quoting *Taylor v. Horn*, 504 F.3d 416, 433 (3d Cir. 2007)). Nevertheless, the court's observations and conclusions of the defendant's behavior and demeanor are "crucial" to a properly evaluate an alleged § 4241(a) violation. *Cornejo-Sandoval*, 564 F.3d at 1234.

In this case, movant provides no history of irrational behavior or a prior medical opinion concerning competency. (*See* Mem. Supp. at 1-14.) He instead argues that his demeanor in court proceedings indicated that he suffered from acute delusions paranoia syndrome. (*See id.* at 8.) He also submits a letter his appointed appellate attorney sent to disciplinary counsel for the State Bar of Texas in which his former attorney stated that movant was "quite possibly a person who may suffer from mental illness (e.g. dementia and/or paranoid delusions along with a very strong narcissistic personality disorder)." (*See id.* (quoting letter attached as Ex. A).)

Despite movant's argument and submission, the Court had no reasonable cause to believe that the he may have been suffering from a mental disease or defect rendering him mentally incompetent. His demeanor in court proceedings created no such reasonable cause. While his demeanor may have exhibited a lack of legal training, it did not reflect a mentally incompetent person. The record reflects that movant had the ability to consult with and assist his attorney with a reasonable degree of rational understanding but chose to proceed with his case without counsel. The record further reflects that movant had a rational and factual understanding of the nature and consequences of the proceedings against him.

Furthermore, although the Court may consider an attorney's representation about his client's competency, *see Cornejo-Sandoval*, 564 F.3d at 1233; *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003), the letter from appellate counsel does not specifically refer to movant's competency, and

5

relates to a time period after trial.  It is thus of minimal relevance as to movant's competency at trial or when he waived his right to counsel.  Moreover, counsel qualified his statement with "quite possibly" and "may suffer".  The attorney never definitively stated that movant suffered from any mental illness.  Most importantly, the attorney expressed no opinion about movant's competency to stand trial or waive his right to trial counsel.

A more accurate portrayal of movant emerges when one considers counsel's letter as a whole.  Before stating the possibility that movant may suffer from a mental illness, counsel stated that he found movant "to be very manipulative of the criminal justice system." (*See* Ex. A attached to Mem. Supp.)  Other cogent observations from the attorney:  (1) "[s]uffice to say, Hayden, a non-U.S. citizen, believes he knows the law better than the judge, the lawbooks, or any attorney and the laws of the United States do not apply to him"; (2) the complaint against the attorney was merely "another attempt to manipulate the system for his own benefit"; and (3) movant's "sole purpose" appears to be "to file document after document in an effort to distort, twist and materially misrepresent the facts." (*See id.*)  The attorney's observations appear consistent with the Court's observations during court proceedings.

Based upon its own observations, the Court did not view movant as mentally incompetent to stand trial or waive his right to trial counsel.  Nothing before the Court created reasonable cause to believe that movant was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Consequently, § 4241(a) did not mandate that the Court *sua sponte* conduct a competency hearing.  In such cases, there is no due process violation.  *See United States v. Lymuel*, 202 Fed. App'x 707, 707 (5th Cir. 2006) (per curiam); *United States v. Thomas*, 134 Fed. App'x 652, 653 (5th Cir. 2005) (per curiam).  Movant's due process claim thus fails on the merits to the extent it is based upon a failure to *sua sponte* hold a competency hearing.

6

**B.  Waiver of Right to Counsel**

Movant also suggests that his waiver of counsel was rendered involuntary due to his mental incompetence. As noted above, the Court had no reason to believe movant was incompetent to waive his right to counsel. Nothing now before the Court persuasively demonstrates that movant was incompetent to waive that right. To the contrary, the record supports finding him competent to waive counsel. There is no basis to find movant mentally incompetent to waive his right to counsel. Movant had the capacity to understand the ramifications of his decision to waive counsel.

Additionally, the record indicates that movant actually understood the significance and consequences of his decision to waive counsel. The Court's inquiries at the hearings it held to determine whether movant should be permitted to proceed without counsel provide ample support to find that movant voluntarily waived his right to counsel without any coercion or promises and with a full understanding of his rights, the pitfalls of self-representation, and the consequences of his decision to forego attorney representation. (*See* Tr. Withdrawal Counsel at 17-44; Tr. H'rg Mot. Appoint Standby Counsel at 3-6.) The Court finds no basis for finding movant's waiver involuntary.

For these reasons, Claim 1 entitles movant to no relief in his § 2255 action to the extent he contends that he involuntarily waived his right to counsel based upon mental incompetence or otherwise.

**C.  Competency to Represent Self**

Movant further argues that the Court should have considered whether the was competent to represent himself.

Even if a court is satisfied that a defendant is competent to stand trial and waive his right to counsel, it may nevertheless consider whether he possesses the mental competency to represent himself. *See Edwards*, 128 S. Ct. at 2384-85. This latter competency issue invokes a higher standard

7

than "*Dusky*'s minimal constitutional requirement that measures a defendant's ability to stand trial," waive the right to trial counsel, and enter a plea without counsel. *Id.* at 2385. The higher standard measures "the defendant's ability to conduct trial proceedings." *Id.*

*Edwards*, however, does not require *sua sponte* determination of the latter competency issue; it merely holds that it is constitutionally permissible for the prosecution to require representation by an attorney for defendants who "are not competent to conduct trial proceedings by themselves." *Id.* at 2385, 2388. Although *Edwards* provides discretionary authority for the federal district courts to consider the competency issue it "does not *compel* a trial court to deny a defendant the exercise of his or her right to self-representation." *United States v. Ferguson*, 560 F.3d 1060, 1070 & n.6 (9th Cir. 2009) ("remand[ing] to the district court for the limited purpose of determining whether *Edwards* would have affected the district court's decisions" given that the district court had often suggested that it might have ruled differently); *accord United States v. Berry*, 565 F.3d 385, 391 (7th Cir. 2009) (recognizing that "[t]he Constitution *may* have allowed the trial judge to block his request to go it alone, but it certainly didn't require it"); *United States v. DeShazer*, 554 F.3d 1281, 1290 (10th Cir. 2009) (same).

Because there is no requirement that the Court *sua sponte* determine whether a defendant is competent to conduct trial proceedings on his own, there was no error in failing to conduct such a competency analysis. In any event, nothing before the Court (then or now) persuasively demonstrates that movant was mentally incompetent to conduct trial proceedings. Under *Edwards*, counsel may be forced upon a defendant who seeks to represent himself only when the defendant suffers from "severe mental illness" to such an extent that he is incompetent to conduct trial proceedings on his own. *See* 128 S. Ct. at 2388. This case did not present that situation, and this aspect of Claim 1 entitles movant to no relief in this action.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second claim, movant asserts that he received ineffective assistance of trial counsel prior to his self-representation. (Mem. Supp. at 11.) More specifically, he claims that his attorney failed to object to government witness statements in his affidavit; to investigate the facts and laws of his case, and failed to call alibi witnesses. (*Id.*) He asserts that a proper investigation would have resulted in dismissal of the indictment due to governmental misconduct. (*Id.* at 12.) He further asserts that counsel did not contact or subpoena "to appear at trial" any witness identified by him. (*Id.*)

To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Movant has failed to demonstrate prejudice from the alleged deficiencies of counsel. He has shown no reasonable probability that but for the alleged deficiencies of counsel the outcome of the criminal proceedings would have differed. The alleged deficiencies do not undermine confidence in the outcome. Conclusory claims of prejudice are insufficient to obtain relief in actions filed under to 28 U.S.C. § 2255. Movant, moreover, began representing himself two months before his case proceeded to trial, and had ample opportunity to correct or cure the alleged deficiencies of counsel. Although he contends that his attorney's ineffectiveness drove him to incompetent self-representa-

9

tion, the Court has found that he voluntarily made the decision to waive his right to counsel. It has also found him mentally competent to waive his right to counsel and to represent himself at trial. Given these findings, he cannot rely on his own lack of legal expertise to support a claim of ineffective assistance against his prior attorney.

For the foregoing reasons, movant's claims of ineffective assistance of counsel entitle movant to no relief in this action.

## V.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief on the claims raised in his motion to vacate.

## VI.  MOTION FOR JUDGMENT ON PLEADINGS

Movant has moved for judgment on the pleadings but has provided no indication that he served a copy of the motion on the government. Although Fed. R. Civ. P. 12(c) permits such motion, Fed. R. Civ. P. 5(a) requires that written motions be served on the other parties unless the motion is properly heard ex parte.[4] Because a motion for judgment on the pleadings is not properly heard ex parte, movant has failed to comply with Rule 5(a). That movant proceeds *pro se* in this case does not excuse his failure to comply with applicable rules of procedure. *See Gordon v. Watson*,

---

[4] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts makes the Federal Rules of Civil Procedure applicable in § 2255 actions "to the extent they are not inconsistent with any statutory provisions" or the § 2255 rules. Neither Fed. R. Civ. P. 5(a) nor 12(c) is inconsistent with a statutory provision or the § 2255 rules. In some circumstances, furthermore, "a motion for judgment on the pleadings may be a useful device in a section 2255 proceeding." *See United States v. Battle*, 509 F. Supp. 929, 931 (S.D. Ohio 1981).

622 F.2d 120, 123 (5th Cir. 1980); *Rolen v. City of Brownfield, Tex.*, 182 Fed. App'x 362, 364-65 (5th Cir. 2006) (per curiam). This procedural defect provides sufficient reason to deny the motion for judgment on the pleadings. In this case, moreover, the motion is also properly denied on its merits because the record before the Court does not conclusively show that the movant is entitled to relief under § 2255. *See United States v. Battle*, 509 F. Supp. 929, 931 (S.D. Ohio 1981). For these reasons, movant is not entitled to judgment on the pleadings in this case.

## VII. CONCLUSION

The Court **DENIES** movant's "Motion to Vacate, Set Aside, or Correct Sentence" brought pursuant to 28 U.S.C. § 2255 and his later-filed "Motion for Judgment on the Pleading [sic]". In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case, the Court *sua sponte* **DENIES** movant a Certificate of Appealability. *See Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (approving such *sua sponte* denial); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (same). For the reasons stated herein, movant has failed to make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); 28 U.S.C. § 2253(c)(2). In the event that movant files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED.**

**SIGNED** this 24th day of November, 2009.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE